UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN GUGINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-01319 |
| | ) |
| ERIE COUNTY, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ORDER GRANTING DEFENDANT ERIE COUNTY'S
MOTION FOR RECONSIDERATION**
(Doc. 32)

Plaintiff John Gugino brings this suit against Defendant Erie County (the "County") for events arising out of his employment as an Erie County Sheriff's Deputy, alleging a violation of his equal protection rights (Count I) and a violation of his due process rights (Count II) brought pursuant to 42 U.S.C. § 1983, as well as retaliation in violation of the Family Medical Leave Act of 1993 (the "FMLA") brought pursuant to 29 U.S.C. § 2615 (Count III). He seeks past lost wages and benefits, monetary damages relating to his suspension, and reinstatement to his former position.

The County moved for summary judgment on September 12, 2023, (Doc. 18), and Plaintiff opposed the motion on January 10, 2024, (Doc. 26).[1] The County filed a reply on January 17, 2024, (Doc. 27), at which point the court took the motion for summary judgment under advisement.

On July 18, 2024, the court granted in part and denied in part the County's motion for summary judgment. (Doc. 31.) It dismissed Plaintiff's equal protection and FMLA retaliation claims but denied summary judgment as to his due process claim, concluding that the undisputed facts failed to establish whether Plaintiff was afforded procedural due

---

[1] The court granted Plaintiff's motion for an extension of time to file his memorandum in opposition. (Doc. 28.)

process following his suspension without pay. The County addresses post-deprivation due process for the first time in its reply because it was raised in Plaintiff's opposition.

On August 2, 2024, the County moved for reconsideration, arguing that the court erred when it concluded that the County failed to adequately address the issue of post-deprivation due process because Plaintiff's due process claim as set forth in his Complaint was solely based on the lack of a pre-deprivation hearing. (Doc. 32.) Plaintiff did not file a reply by August 21, 2024, at which point the court took the pending motion under advisement.

Plaintiff is represented by Richard Joseph Perry, Jr., Esq., and Lindy Korn, Esq. The County is represented by Morgann K. Obrochta, Esq.

"It is well-settled that a party may move for reconsideration and obtain relief only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "[T]he standard for granting a . . . motion for reconsideration is strict[.]" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (alteration adopted) (internal quotation marks omitted) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]" *Id.* (internal quotation marks omitted) (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). The County does not assert that there has been a change of controlling law or that new evidence is available.

The County concedes that it "did not address the issue of post-deprivation due process" in its motion for summary judgment, (Doc. 32-2 at 6), but claims it did not do so because no post-deprivation claim is asserted in Plaintiff's Complaint. As the court explained in its Opinion and Order: "The 'ultimate conclusion' [regarding procedural due process] depends on '*the full set of pre- and post-deprivation procedures available*[,]'

2

however, 'courts often analyze pre- and post-deprivation procedures separately.'" (Doc. 31 at 20) (second alteration in original) (emphasis supplied) (quoting *O'Connor v. Pierson*, 426 F.3d 187, 197 (2d Cir. 2005)). "[A]lthough notice and a pre-deprivation hearing are generally required, in certain circumstances, the lack of such pre-deprivation process will not offend the constitutional guarantee of due process, *provided* there is sufficient post-deprivation process." *Spinelli v. City of New York*, 579 F.3d 160, 170 (2d Cir. 2009) (alterations adopted) (emphasis supplied) (internal quotation marks and citation omitted); *see also Gilbert v. Homar*, 520 U.S. 924, 935-36 (1997) (remanding case for consideration of whether university police officer was afforded due process regarding post-suspension procedures).

The County points to evidence submitted with its reply memorandum that establishes Plaintiff was offered a post-deprivation hearing on two occasions and declined to attend them. Because the County is correct that Plaintiff's Complaint alleges only a pre-deprivation violation of due process, Plaintiff could not amend his Complaint by addressing that claim for the first time in opposition to summary judgment. *See Palm Beach Mar. Museum, Inc. v. Hapoalim Sec. USA, Inc.*, 810 F. App'x 17, 20 (2d Cir. 2020) ("[A] complaint may not be amended by advocating a different theory of liability in an opposition brief wholly unsupported by factual allegations in the complaint."); *Guardian News, Inc. v. Idoni*, 2011 WL 13383231, at * (S.D.N.Y. June 20, 2011) (observing that "in resolving a motion for summary judgment, the [c]ourt should not consider new factual allegations and legal theories not raised in the complaint[]"). The County's failure to address a post-deprivation claim in its moving papers was thus reasonable. As it moved for summary judgment based upon Plaintiff's Complaint and demonstrated its entitlement to judgment as a matter of law in its favor on each of Plaintiff's claims, reconsideration is warranted.

## CONCLUSION

For the reasons stated above, the court GRANTS the County's motion for reconsideration, (Doc. 32), and GRANTS the County summary judgment on all claims set forth in Plaintiff's Complaint.

SO ORDERED.

Dated this 6th day of September, 2024.

_____
Christina Reiss, District Judge
United States District Court